## Gochenour's Estate

*James J. Logan*, for Commonwealth.
*Harvey A. Gross*, for respondent.

NILES, P. J., December 17, 1936.—This matter comes before this court upon a citation issued on the petition of the Commonwealth by G. Frank Lindenmuth, Register of Wills of York County, whereon a citation issued to Charles H. Altland, executor of Daniel W. Gochenour, to show cause why a balance of collateral inheritance tax of $184.94, with interest at the rate of 12 percent from May 3, 1923, should not be paid. To the rule issued thereon an answer was filed and to that a replication. . . .

Daniel W. Gochenour died on May 3, 1922. On August 15, 1922, an inheritance tax appraisement was filed showing personal property appraised at $10,935.87, and real estate appraised at $2,000. There was a statement in the appraisement that the real estate had been sold during decedent's lifetime to decedent's heirs for the sum of $6,000, that the real estate had been appraised at $8,000 and a credit allowed for $6,000, leaving a balance for inheritance tax purposes of $2,000. The sum of $6,000 was included in appraising the personal property. Respondent had no actual notice of the inheritance tax appraisement until April 3, 1923, when he first made payment on account of the transfer inheritance tax. No appeal was taken from the appraisement and all inheritance taxes were paid except such as might be due by reason of the $2,000 real estate item.

The uncontradicted evidence introduced in these proceedings was to the effect that the full value of the real estate at the time of the transfer to decedent's heirs was not over $6,000.

Upon the facts found a preliminary question is presented: Respondent not having appealed from the inheritance tax appraisement filed August 15, 1922, is he barred from setting up a defense? Having paid the full value of the farm, paid the full tax due the Commonwealth on that $6,000 full value, is he bound to pay another tax on $2,000 because of a plain mistake made by an appraiser 14 years ago?

The Act of June 20, 1919, P. L. 521, is the one referred to by the Commonwealth as the basis of this proceeding. That act provides in section 1(a) for the imposition of a tax upon the transfer by will or intestacy from any person dying seized or possessed of property while a resident of the Commonwealth. Section 10 provides for the appointment of an appraiser to appraise and value the property or estate of which such decedent was seized or possessed and subject to tax. Section 13 provides for an appeal within 30 days, and that upon such appeal the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court. Counsel for the Commonwealth seems to recognize that, under the act regarding inheritance tax prior to that of 1919, if the appraiser erroneously included property which was not the subject of tax at all, or property not possessed by decedent at the time of his death, the failure to take an appeal would not be conclusive as to the liability for property included in the appraisement by mistake. The Commonwealth insists, however, that the Act of 1919, supra, sec. 13, adds to the provisions of former acts on the subject words which take the case before us out of the rule in Stinger, Exec., v. Commonwealth, 26 Pa. 422.

The former act provides: "Upon such appeal, the court may determine all questions of valuation"; and the subsequent act adds the words: ". . . and of the liability of the appraised estate for such tax".

The liability of the estate in controversy to the collateral inheritance tax depends upon the question whether Daniel W. Gochenour at the time of his death was the owner of the real estate appraised at $2,000. The evidence is clear that he was not such owner at the time of his death. The title and possession of the real estate in question had passed from Daniel W. Gochenour to Charles H. Altland. This proceeding is against the executor to recover the tax on real estate assessed at $2,000; and the

question of ownership thereof is the material one. The appraisement unappealed from was only conclusive as to the value of such property as was subject to tax. The appraisement in this estate included as real estate something which was clearly not real estate or any property of any kind owned by decedent at the time of his death. The delivery of the deed from Gochenour to Altland was a legal one. It exhibited an absolute sale without reservation or postponement of enjoyment, and the vendee took immediate possession of the farm.

The Commonwealth was entitled to the tax upon all property, real and personal, of which the decedent died possessed. He was not possessed of the farm. He was possessed of a claim for $6,000 against Charles H. Altland. The tax has been paid on the whole amount of the estate, including the $6,000 owing from Altland to Gochenour as the purchase price of the farm conveyed September 20, 1921. In all good conscience the Commonwealth ought not to ask for more by reason of the mistaken inclusion in the appraisement of an item of real estate which decedent did not possess. Under the Act of 1919 the appraisement was not conclusive of liability based upon this palpable mistake. Our conclusion is that upon the record and all of the evidence there is now no tax due the Commonwealth from the estate of Daniel W. Gochenour, or from Charles H. Altland, the executor. A similar case was presented to the Orphans' Court of Dauphin County in Tagg's Estate, 38 Dauph. 48. With the reasoning of the learned Judge Fox of that court we are in harmony.

And now, to wit, December 17, 1936, the prayer of the petition of the Commonwealth filed March 16, 1936, is refused, and the rule granted thereon to show cause why an inheritance tax should not be paid is discharged.

An exception is granted to the Commonwealth to the court's action in this regard.